United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                  Case No. 18-14344-elf
Maurice Gindraw                                                         Chapter 13
Geneva Gindraw
         Debtors

# CERTIFICATE OF NOTICE

District/off: 0313-2    User: ChrissyW         Page 1 of 1           Date Rcvd: Jan 16, 2019
                        Form ID: pdf900        Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 18, 2019.
db/jdb        +Maurice Gindraw,   Geneva Gindraw,   871 Foulkrod Street,   Philadelphia, PA 19124-2301

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                 TOTAL: 0

             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                 TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 18, 2019                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 16, 2019 at the address(es) listed below:
              ASHLEY M. SULLIVAN    on behalf of Joint Debtor Geneva  Gindraw asullivan@freedmanlorry.com,
               hbanks@freedmanlorry.com
              ASHLEY M. SULLIVAN    on behalf of Debtor Maurice  Gindraw asullivan@freedmanlorry.com,
               hbanks@freedmanlorry.com
              KEVIN M. BUTTERY    on behalf of Creditor    Wilmington Savings Fund Society kbuttery@rascrane.com
              REBECCA ANN SOLARZ    on behalf of Creditor    Wilmington Savings Fund Society, FSB, d/b/a
               Christiana Trust, not individually but as trustee for Hilldale Trust bkgroup@kmllawgroup.com
              REBECCA ANN SOLARZ    on behalf of Creditor    Wilmington Savings Fund Society
               bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
              WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                               TOTAL: 7

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
| MAURICE GINDRAW and | : | |
| GENEVA GINDRAW, | : | |
| Debtors | : | Bky. No.  18-14344 ELF |

# O R D E R

**AND NOW,** upon consideration of the Motion to Approve Mortgage Modification ("the Motion") (Doc. #32 ) filed by **Wilmington Savings Fund Society, FSB,** ("the Lender"), and after notice and hearing, and there being no objection thereto, it is hereby **ORDERED** that:

1. The Motion is **GRANTED**.

2. The Debtors are **AUTHORIZED** to enter into the loan modification transaction as set forth in the Motion and consummation of the transaction **SHALL NOT CONSTITUTE** a violation of the automatic stay, 11 U.S.C. §362(a).

3. If: (a) the Lender has filed a proof of claim on account of pre-petition arrears and (b) the Trustee determines that the loan modification provides for reinstatement of the loan account and the elimination of the pre-petition arrears, the Trustee may treat the Lender's proof of claim as **DISALLOWED** insofar as it constitutes a demand for payment of prepetition arrears.

**Date: January 16, 2019**

_____
**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**